```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
DUFF & PHELPS SECURITIES, LLC,                   :
                                                 :
                              Plaintiff,         :      16-CV-7226 (VEC)
                                                 :
              -against-                          :      OPINION & ORDER
                                                 :
PATRICIA WISNIEWSKI and RAYMOND                  :
WISNIEWSKI,                                      :
                                                 :
                              Defendants.        :
                                                 :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/5/2017

VALERIE CAPRONI, United States District Judge:

Plaintiff Duff & Phelps Securities LLC ("D&P"), a New York investment bank, has sued Defendants Patricia and Raymond Wisniewski (collectively, the "Wisniewskis" or "Defendants"), New Jersey residents, for breach of contract. Compl. ¶¶ 1-3, 52-58.[1] The Wisniewskis move to dismiss for lack of personal jurisdiction, arguing that they never entered or purposefully directed any activities towards New York in connection with the disputed contract. Dkt. 15. For the following reasons, the Court holds that it lacks personal jurisdiction over the Defendants and therefore TRANSFERS this case to the District of New Jersey.

---

[1] The Court uses the following abbreviations herein: Complaint ("Compl."), Dkt. 1; Memorandum of Law in Support of Defendants Patricia and Raymond Wisniewski's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Mem."), Dkt. 16; Declaration of Patricia Wisniewski in Support of Motion to Dismiss ("Patricia Decl."), Dkt. 17; Declaration of Raymond Wisniewski in Support of Motion to Dismiss ("Raymond Decl."), Dkt. 18; Declaration of Warren A. Usatine, Esq. in Support of Defendants' Motion to Dismiss ("Usatine Decl."), Dkt. 19; Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Opp."), Dkt. 22; Declaration of Jon C. Melzer in Support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Melzer Decl."), Dkt. 23.

## BACKGROUND[2]

In Fall 2015, the Wisniewskis sought to sell Ms. Wisniewski's thirty percent ownership interest, or acquire additional ownership interest, in National Retail Systems, Inc. ("NRS"), a New Jersey company. Patricia Decl. ¶¶ 2, 5; Raymond Decl. ¶¶ 2, 5; Usatine Decl. ¶ 2. The Wisniewskis' attorney, Warren Usatine of the law firm Cole Schotz, contacted various investment banks, including D&P. Usatine Decl. ¶ 3. In advance of a meeting at Cole Schotz's New Jersey office, Usatine Decl. ¶ 4, D&P sent Usatine an overview of D&P's qualifications and biographies of its employees, all of whom were disclosed as working in D&P's New York office. Melzer Decl. ¶ 5. D&P also prepared a non-disclosure agreement for NRS' confidential information, which D&P and NRS executed, and a fee proposal for D&P's services, which the Wisniewskis declined to accept. Melzer Decl. ¶¶ 6-8.

Five months later, Usatine again contacted D&P to renew discussions about a potential engagement by the Wisniewskis. Usatine Decl. ¶ 8; Melzer Decl. ¶ 9. D&P submitted a revised proposal, which D&P converted into an engagement letter ("Agreement") at Usatine's request. Melzer Decl. ¶¶ 9-13; Compl. ¶¶ 17-19. Defendants do not dispute that D&P drafted and prepared these documents in New York.

Pursuant to the Agreement, the Wisniewskis agreed to retain D&P "to act as their exclusive financial advisor in connection with the potential sale of their interest in NRS." Compl. ¶ 23 (quoting Compl. Ex. A (hereafter, "Agreement") ¶ 1). The Agreement was divided into two phases: during Phase 1, D&P would advise on an auction process for the potential sale; in Phase 2, D&P would provide specified services related to the sale. Compl. ¶¶ 26-27 (citing

---

[2] All facts are taken from the pleadings and affidavits and are viewed in the light most favorable to Plaintiff, with all doubts resolved in Plaintiff's favor. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (per curiam).

Agreement ¶¶ 1, 2).  The initial term of the Agreement was six months, after which the Agreement was automatically extended on a month-to-month basis, absent thirty days written notice of termination by either party.  Compl. ¶ 25 (citing Agreement ¶ 13).  In March 2016, the parties executed the Agreement—D&P from New York and the Wisniewskis from New Jersey.  Compl. ¶¶ 21-22; Patricia Decl. ¶ 7; Raymond Decl. ¶ 7.

In connection with Phase 1, D&P prepared a proposed auction process for the potential sale transaction.  Melzer Decl. ¶¶ 18-21.  D&P met with Mr. Wisniewski and Cole Schotz attorneys in New Jersey to discuss and finalize the auction process proposal.  Melzer Decl. ¶ 20.  D&P provided additional advice on the auction process through conference calls with the Wisniewskis and Cole Schotz.  Melzer Decl. ¶ 21.  Defendants do not dispute that, aside from its attendance at the New Jersey meeting, D&P performed all of its work in New York.

In May 2016, the Wisniewskis abandoned the auction process.  Compl. ¶ 42.  Plaintiff alleges that the Wisniewskis violated the Agreement by continuing negotiations to sell their interest in NRS without informing D&P.  Compl. ¶ 46.  Plaintiff further alleges that the Wisniewskis sold their NRS ownership interest in August 2016 and that D&P is entitled to a transaction fee of at least $750,000 under the Agreement.  Compl. ¶¶ 48-51.

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that New York's long-arm statute does not support the exercise of personal jurisdiction over Defendants.  Plaintiff argues that Defendants' deliberate engagement of a New York firm subjects them to personal jurisdiction in New York.  For the following reasons, the Court agrees with Defendants and TRANSFERS this case to the District of New Jersey pursuant to 28 U.S.C. § 1631.

## DISCUSSION

"'Prior to trial, [] when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.'" *MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012) (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)). "With exceptions not relevant here, a district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002) (citing Fed. R. Civ. P. 4(k)(1)(A)). Accordingly, the Court engages in a familiar two-step analysis, first determining whether plaintiffs have made a prima facie showing that defendants would be subject to personal jurisdiction under the laws of the forum state and then determining whether this exercise of jurisdiction would comport with the Due Process Clause of the Fourteenth Amendment. *Id*.

"There are two types of personal jurisdiction: specific and general." *Sonera Holding B.V. v. Çukurova Holding A.Ş.*, 750 F.3d 221, 225 (2d Cir. 2014) (per curiam). Plaintiff here does not allege general personal jurisdiction but asserts that the Court has jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(1). That statute confers personal jurisdiction "over any non-domiciliary . . . who in person or through an agent[] transacts any business within the state or contracts anywhere to supply goods or services in the state." N.Y. C.P.L.R. § 302(a)(1). Jurisdiction under section 302(a)(1) may be "proper 'even though the defendant[s] never enter[] New York, so long as the defendant[s'] activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted.'" *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007) (quoting *Deutsche Bank Sec., Inc. v. Mont. Bd. of Invs.*, 850 N.E.2d 1140,

4

1142 (N.Y. 2006)).  No single event connecting a defendant to the forum state is dispositive. *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986).  The Court must consider the totality of the defendant's contacts with the forum state to determine whether jurisdiction is proper.  Id.  Although this "is an objective inquiry, it always requires a court to closely examine the defendant[s'] contacts for their quality."  *Licci v. Lebanese Canadian Bank*, 984 N.E.2d 893, 899-900 (N.Y. 2012).

In evaluating a claim of personal jurisdiction under C.P.L.R. 302(a)(1), courts consider the so-called *Agency Rent a Car* factors:  (i) does the defendant have an ongoing contractual relationship with a New York person or entity; (ii) was the contract at issue negotiated or executed in New York, and did the defendant visit New York for the purpose of meeting with parties to the contract regarding the relationship, after the contract was executed; (iii) is there a choice-of-law clause in the contract; and (iv) does the contract require the defendant to send notices and payments into New York or subject the defendant to supervision in New York. *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996); *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22–23 (2d Cir. 2004) (same).   "Although all factors are relevant, no one factor is dispositive and other factors may be considered." *Sunward,* 362 F.3d at 23.  Ultimately, the existence *vel non* of personal jurisdiction is based on the totality of the circumstances.  *Id*.

**Ongoing Contractual Relationship**

Plaintiff argues that the Agreement created an ongoing contractual relationship between the parties that lasted at least until September 2016, when the initial six-month term expired, and should be viewed as continuing until May 2017, the date by which the Wisniewskis were

allegedly required to pay a transaction fee under the Agreement.[3]  Opp. 13-14.  Defendants counter that their contractual relationship with D&P lasted only two months because the Defendants decided to abandon the auction process in May 2016, two months after they executed the Agreement.  Mem. 16.  The Court concludes that the Agreement did not establish an ongoing contractual relationship weighing in favor of the exercise of personal jurisdiction.

Regardless of whether the contractual obligations under the Agreement extended over a period of two months (Defendants' theory) or fourteen months (Plaintiff's theory), the only basis for the contractual relationship is the disputed Agreement itself.  Courts within the Second Circuit have repeatedly concluded there is no "ongoing contractual relationship" where the contract at issue is the only transaction between the parties.  *Sandoval v. Abaco Club on Winding Bay*, 507 F. Supp. 2d 312, 317 (S.D.N.Y. 2007) (collecting cases); *see also Gordian Group, LLC v. Syringa Exploration, Inc.*, 168 F. Supp.3d 575, 585 (S.D.N.Y. 2016) ("Because the Agreement is the only source of contractual obligations between the parties, it is therefore properly characterized as a single short-term contract and not the foundation of an ongoing contractual relationship.").

Relying on *Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 850 N.E.2d 1140 (N.Y. 2006)*, and Fischbarg v. Doucet*, 880 N.E.2d 22 (N.Y. 2007), Plaintiff argues that a several-month contract may provide a basis for exercising personal jurisdiction.  Plaintiff, however, plucks convenient facts from those cases and ignores the totality of the circumstances.  Although both *Deutsche Bank* and *Fischbarg* involved thirteen-month contractual relationships, what was key to the Court of Appeals' finding of personal jurisdiction was that the defendants

---

[3]  Plaintiff also notes that D&P, at the Wisniewskis' request, signed a Non-Disclosure Agreement with NRS to keep information confidential for two years.  Opp. 14-15.  This Non-Disclosure Agreement, however, was between D&P and NRS, not the Wisniewskis.  Therefore, the NRS Non-Disclosure Agreement does not establish an "ongoing contractual relationship" between D&P and the Wisniewskis.

had purposefully directed their activities towards New York. In *Deutsche Bank*, the out-of-state defendant engaged in multiple bond transactions with the plaintiff in New York, and the defendant communicated directly with the New York office multiple times in furtherance of those transactions. *Deutsche Bank*, 850 N.E.2d at 1143. In *Fischbarg*, the out-of-state defendant purposefully "attempt[ed] to establish an attorney-client relationship" with the plaintiff, a New York attorney, and "direct[ly] participat[ed] in that relationship via calls, faxes and emails that they projected into [New York] over many months." *Fischbarg*, 880 N.E.2d at 26.[4]

The circumstances in this case are far different. Here, the Wisniewskis never sent any payments to, attended any meetings in, made any phone calls to, or otherwise engaged in any activities in New York. Raymond Decl. ¶¶ 8-11; Patricia Decl. ¶¶ 9-11. Indeed, the only meetings and conference calls in which the Wisniewskis and their attorney Usatine participated were in *New Jersey*. Raymond Decl. ¶¶ 9-11; Patricia Decl. ¶¶ 10-11; Usatine Decl. ¶¶ 13-14, 16, 20. Although Usatine's telephone calls to D&P may be attributed to the Wisniewskis, the factual record does not reflect that Usatine placed any calls to New York after the execution of the Agreement; Usatine's pre-Agreement phone calls to D&P to inquire about D&P's interest in the potential sale transaction are insufficient to establish personal jurisdiction. *See Lamco Grp., Inc. v. Universal Life Ins. Co.*, 903 F. Supp. 612, 613 (S.D.N.Y. 1995) (out-of-state defendant's pre-contract telephonic communications to the New York plaintiff did not establish personal jurisdiction); *see also PaineWebber Inc. v. WHV, Inc.*, No. 95 CIV. 0052 (LMM), 1995 WL 296398, at *3 (S.D.N.Y. May 16, 1995) (same).

---

[4] Plaintiff also cites the contract in *Hd Brous & Co. v. Synthesys Secure Technologies, Inc.*, 229 F. Supp. 2d 191 (E.D.N.Y. 2002), which Plaintiff asserts "lasted only a matter of months." Opp. 15. *Hd Brous*, however, does not include a discussion of how long the disputed contract lasted or even a discussion of whether the parties had an "ongoing contractual relationship." Rather, the court concluded that the exercise of personal jurisdiction was proper based on other factors, including the defendant's frequent communications with the plaintiff in New York.

7

D&P relies heavily on the fact that D&P performed services on the Defendants' behalf from its New York office, but that argument is "inappropriately focused on [the plaintiff's] own activities in New York and not [the defendants']." *Centerboard Secs., LLC v. Benefuel, Inc.*, No. 15 Civ. 00071 (PAC), 2015 WL 4622588, at *2 (S.D.N.Y. Aug. 3, 2015). *Centerboard Securities* concluded that the fact that the plaintiff had meetings and conference calls in New York at the defendants' direction did not establish that the defendants themselves had purposefully directed any activities toward New York. *Id.* Where, as here, the only activities evidencing any connection with New York are undertaken by the *plaintiff*, the Court does not find the exercise of personal jurisdiction to be proper.

*Gordion Group, LLC v. Syringa Exploration, Inc.*, 168 F. Supp. 3d 575 (S.D.N.Y. 2016) is instructive. In *Gordion Group*, a New York investment bank brought a breach of contract action against an out-of-state defendant. The court concluded that where the disputed contract was the only transaction between the parties, the contract was not executed in New York, and the contract provided for the investment bank's retention "without reference to any transaction in New York," New York did not have personal jurisdiction over the defendant. 168 F. Supp. 3d at 584-87. Like here, the investment bank had performed services on the defendant's behalf from its New York office, but the court found that fact insufficient to establish personal jurisdiction. *Id.* at 587 ("Although Plaintiff alleges it performed its obligations from New York, nothing in the Agreement required it to do so."). This Court, too, finds that the plaintiff's performance in New York, while relevant, is not sufficient by itself to establish a prima facie case of personal jurisdiction in New York.[5]

---

[5] Indeed, the case for personal jurisdiction was stronger in *Gordion Group* than it is here. In *Gordion Group*, a representative of the defendant attended a meeting in New York, which would weigh in favor of finding personal jurisdiction in New York. *Gordion Group* nevertheless concluded that that the exercise of personal jurisdiction would be improper. *Gordion Group*, 168 F. Supp. 3d at 587-88.

Plaintiff argues that this Court has personal jurisdiction over the Wisniewskis because the Wisniewskis deliberately engaged a New York investment bank, knowing that D&P "would perform the bulk of the work in New York." Although the fact that "Defendants deliberately engaged a New York entity for the purpose of conducting activities on their behalf in New York may be sufficient for personal jurisdiction under C.P.L.R. 302(a)(1)," *Gramercy Advisors, LLC v. Ripley*, No. 13-CV-9070 (VEC), 2014 WL 4188099, at *5 (S.D.N.Y. Aug. 25, 2014), it is not *per se* sufficient.[6] Plaintiff relies on *Fischbarg*, but, as discussed above, in *Fischbarg* there were extensive communications between the out-of-state defendants and the New York lawyer. *Fischbarg* found the fact that the defendant was invoking the "benefit and protections of the" New York attorney-client relationship to be critical to its decision to uphold the exercise of personal jurisdiction. *Fischbarg*, 9 N.Y.3d at 382; *Gordion Grp.*, 168 F. Supp. 3d at 585-86 (discussing same). No analogous circumstances exist here: the Wisniewskis did not communicate with D&P in New York or invoke any kind of New York fiduciary relationship.

Plaintiff also cites this Court's decision in *Gramercy Advisors, LLC v. Ripley*, No. 13-CV-9070 (VEC), 2014 WL 4188099 (S.D.N.Y. Aug. 25, 2014), but *Gramercy Advisors* also fails to support the assertion of personal jurisdiction in this case. Although *Gramercy Advisors* concluded that the defendants' engagement of a New York investment manager subjected them to personal jurisdiction in New York, there were a number of factors weighing in favor of the exercise of jurisdiction, including that the parties attended a meeting in New York, that the

---

[6] Citing *Hd Brous*, Plaintiff asserts that the defendant's knowledge that the plaintiff's performance of the contract would occur in New York is "a factor that weighs heavily in favor of jurisdiction." Opp. 21 (citing *Hd Brous*, 229 F. Supp. 2d at 194). Although this factor is certainly considered in the jurisdictional analysis, this Court has not found any case saying that it is a factor weighing "heavily" in favor of jurisdiction. Neither *Hd Brous* nor the case it cites, *Nat'l Westminster Bank PLC v. Retirement Care Assoc., Inc.*, No. 98 CIV. 6023(JSM), 1999 WL 239677 (S.D.N.Y. 1999), supports Plaintiff's assertion. *See HD Brous*, 229 F. Supp. 2d at 194-95. Rather, it is a factor that is considered like all other factors in the totality of the circumstances analysis. *See Nat'l Westminster Bank PLC*, 1999 WL 239677, at **2-3.

9

defendants "called, wrote or emailed the Plaintiffs in New York," that the defendants transferred considerable sums of money pursuant to the contract into New York, and that the contracts were executed in New York. 2014 WL 4188099, at *6. That confluence of factors is not present here.

Where, as here, the parties' only relationship was a single short-term contract that is the subject of this dispute, and there are no facts tending to show that the defendants engaged in any activities directed towards New York, the Court concludes that the first *Agency Rent A Car* factor—the existence of an ongoing contractual relationship—does not support the exercise of personal jurisdiction over the Wisniewskis.

**Other *Agency Rent A Car* Factors**

The remaining factors may be disposed of fairly quickly. The second factor (where the contract was negotiated or executed and whether the Defendants have visited New York in relation to the contract) tilts against the exercise of personal jurisdiction. The Wisniewskis executed the Agreement in New Jersey, and they never visited New York in connection with the Agreement. Patricia Decl. ¶¶ 7, 11; Raymond Decl. ¶¶ 7, 11. The third factor (whether the contract has a choice of law provision) weighs in favor of finding personal jurisdiction because the Agreement does have a New York choice-of-law provision, Agreement § 17. That factor alone, however, "simply does [not] carry enough weight for plaintiff to meet its burden." *Premier Lending Servs., Inc. v. J.L.J. Associates*, 924 F. Supp. 13, 17 (S.D.N.Y. 1996), if no other factor weighs in favor of there being jurisdiction. The fourth factor (whether the contract required notices, payments or supervision in New York) weighs against finding personal jurisdiction because no provision in the Agreement required D&P to send notices or payments into New York or subjected D&P to supervision in New York. *Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*, No. 06 CIV. 13009 (PAC), 2007 WL 2757116, at *4 (S.D.N.Y. Sept. 21,

2007), *aff'd*, 307 F. App'x 479 (2d Cir. 2008); *see also Three Five Compounds, Inc. v. Scram Techs., Inc.*, No. 11 CIV. 1616 RJH, 2011 WL 5838697, at *6 (S.D.N.Y. Nov. 21, 2011).

Considering the totality of the circumstances, Plaintiff has not established a prima facie case supporting the exercise of personal jurisdiction over Defendants under New York's long-arm statute.

## CONCLUSION

For the foregoing reasons, the Court holds that this Court lacks personal jurisdiction over the Defendants. Plaintiff's request for jurisdictional discovery is DENIED because the Plaintiff's proposed discovery appears to be a fishing expedition unlikely to uncover any material facts that would alter this Court's conclusion. Plaintiff seeks to depose the Wisniewskis and Usatine, but those individuals have already submitted detailed sworn testimony stating that they did not have any contacts with New York in connection with the Agreement. Plaintiff offers no evidence in support of its speculative assertion that other attorneys at Cole Schotz may have performed work in New York on behalf of the Wisniewkis.

Because the parties consent to transfer this case to New Jersey, this case is hereby TRANSFERRED to the District of New Jersey. *See* 28 U.S.C. § 1631. The Clerk of Court is respectfully directed to terminate Docket Entry No. 15 and transfer this case to the District of New Jersey.

**SO ORDERED.**

Date:  July 5, 2017  
       New York, New York

_____  
VALERIE CAPRONI  
United States District Judge